GESSNER v. GLOBE WOOLEN CO. et al.

(Circuit Court, N. D. New York. September 6, 1894.)

No. 6,266.

This was a suit in equity by David Gessner against the Globe Woolen Company and others for infringement of certain patents issued to complainant for improvements in cloth-pressing machines. The patents and claims in controversy were as follows: No. 387,292, claims 3 and 10; No. 387,297, claim 2; No. 469,372, claims 1 and 3.

Livingston Gifford and J. T. A. Doolittle, for complainant.
Causten Browne, for defendants.

COXE, District Judge. The patents, upon which this action is based, have all been adjudicated, and the claims relied on sustained in suits brought by the complainant against Philips et al. in the southern district of New York, 63 Fed. 954. A machine similar in all respects to the machine now sought to be enjoined was in evidence in that litigation, but there is a disagreement between counsel as to whether or not the court held it to be an infringement. All other questions are res judicata. Assuming that the question of infringement, as to some of the claims, is still open, I am of the opinion that the decision in Gessner v. Phillips is broad enough to cover the present structure. A holding that the defendants' machine infringes follows as a necessary deduction from that decision. The changes introduced since the commencement of that action are of form and not of substance. Concededly the defendants' machine produces no new result. It operates on the same principle and, substantially, in the same way. The third claim of No. 387,292 certainly covers the defendants' machine. The construction asked for by the defendants is narrower than the construction already placed upon the claim and is not required by anything in the patent or in the prior art. There may, perhaps, be sufficient doubt regarding the infringement of the tenth claim of this patent to justify the court in withholding the injunction at present. Should occasion arise the motion may be renewed as to this claim. It follows that an injunction should issue restraining the infringement of the third claim of No. 387,292, the second claim of No. 387,297 and the first and third claims of No. 469,372.